UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JAMES ANTHONY KERNEY,

        Plaintiff,

v.                                   Case No:   6:24-cv-1765-JSS-LHP

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT:**

Before the Court is Plaintiff's Unopposed Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act.  Doc. No. 23.  The Commissioner does not oppose the motion.  *Id.* at 4.  Upon review, and for the reasons that follow, the undersigned will recommend that the motion (Doc. No. 23) be **GRANTED in part and DENIED in part**.

**I.    BACKGROUND.**

On September 30, 2024, Plaintiff, through counsel of record, filed a complaint against the Commissioner of Social Security regarding the denial of his application for disability benefits.  Doc. No. 1.  Plaintiff thereafter filed his supporting brief.

Doc. No. 14. However, on February 27, 2025, the Commissioner moved, without opposition from Plaintiff, for voluntary remand of this case for further administrative proceedings. Doc. No. 18. The Court granted the request, and on April 23, 2025, reversed and remanded the matter for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g). Doc. No. 20; *see also* Doc. No. 19. Judgment was entered accordingly on April 24, 2025. Doc. No. 21.

Now, by the present motion, Plaintiff seeks an award of $8,000.00 in fees pursuant to the EAJA, and to recover $405.00 in costs for the filing fee. Doc. No. 23.

## II. DISCUSSION.

### A. Eligibility for EAJA Fees.

A party may recover an award of attorney fees against the government provided that the party meets five requirements: (1) the party seeking the award is the prevailing party; (2) the application for such fees, including an itemized justification for the amount sought, is timely filed; (3) the claimant had a net worth of less than $2 million at the time the complaint was filed; (4) the position of the government was not substantially justified; and (5) there are no special circumstances which would make an award unjust. *See* 28 U.S.C. § 2412(d)(1), (d)(2).

1. *Prevailing Party.*

On April 23, 2025, the Court reversed the final decision of the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) and remanded the case for further proceedings. Doc. No. 20. A plaintiff obtaining a sentence four remand is a prevailing party. *See Shalala v. Schaefer*, 509 U.S. 292, 300–02 (1993). Accordingly, Plaintiff is a prevailing party in this case.

2. *Timely Application.*

A plaintiff must file an application for fees and other expenses within 30 days of the "final judgment in the action." 28 U.S.C. § 2412(d)(1)(B). A final judgment is defined as a judgment that "is final and not appealable." *Id.* § 2412(d)(2)(G). The Commissioner generally has 60 days in which to appeal, consequently, a judgment typically becomes final after 60 days. Fed. R. App. P. 4(a)(1)(B). Therefore, a motion for EAJA fees is timely if it is filed within 90 days after the judgment is entered. *Jackson v. Chater*, 99 F.3d 1086, 1095 n.4 (11th Cir. 1996).

Upon review, the judgment in this case was entered on April 24, 2025. Doc. No. 21. Plaintiff filed her EAJA motion on June 23, 2025. Doc. No. 23. Thus, the judgment was not final at the time the motion was filed. *See Melkonyan v. Sullivan*, 501 U.S. 89, 96 (1991) ("The 30–day EAJA clock begins to run after the time to appeal [the] 'final judgment' has expired."). However, the judgment has since become final given the absence of a timely appeal. *See* 28 U.S.C. § 2412(d)(1)(B), (d)(2)(G);

Fed. R. App. P. 4(a)(1)(B). Accordingly, the Court may properly rule on the motion at this time. *See, e.g.*, *Inman v. Apfel,* No. 3:97-cv-1273-J-HTS, 2000 WL 1221858, at *1 (M.D. Fla. Jul. 14, 2000) (finding EAJA petition was filed prematurely before the time for appeal had expired, but deeming the petition timely filed because it was timely when the order granting EAJA fees was entered).

       3.     *Claimant's Net Worth.*

Plaintiff states that his net worth "was and is less than two million dollars." Doc. No. 23, at 1. This statement is uncontroverted.

       4.     *Government's Position Not Substantially Justified.*

"The government's position is substantially justified under the EAJA when it is justified to a degree that would satisfy a reasonable person—*i.e.* when it has a reasonable basis in both law and fact." *United States v. Douglas*, 55 F.3d 584, 588 (11th Cir. 1995) (citation and quotation marks omitted). The Commissioner bears the burden of proving that his position was substantially justified. *See United States v. Jones*, 125 F.3d 1418, 1425 (11th Cir. 1997). According to Plaintiff's motion, "[t]he parties conferred and SSA will not be asserting any EAJA defenses here." Doc. No. 23, at 1. Accordingly, the undersigned finds that the Commissioner's position was not substantially justified.

       5.     *No Special Circumstances.*

The undersigned finds no special circumstances that would make an award

of fees unjust.

## B.     Reasonableness of EAJA Fee.

Plaintiff states that his counsel spent 36.5 hours litigating this case in 2024 and 2025, and that Plaintiff requests $250.59 per hour for the work performed, which would equate to $9,146.54.  Doc. No. 23, at 2; Doc. No. 23-1, at 1–2.  However, Plaintiff states that he seeks the recovery of only $8,000.00 for his counsel's work, apparently due to an agreement reached with the Commissioner.  Doc. No. 23, at 2, 5; Doc. No. 23-1, at 3.  Plaintiff's requested hourly rate for work performed by counsel does not exceed the EAJA cap of $125.00 per hour adjusted for inflation.[1]

---

[1] The EAJA sets a ceiling of $125.00 on the hourly rate for which attorneys may be compensated under the statute, which courts may adjust upward based on changes in the Consumer Price Index ("CPI").   28 U.S.C. § 2412(d)(2)(A).   *See also* 28 U.S.C. § 2412(d)(2)(A)(ii) (Congress amended the EAJA and changed the statutory rate to $125.00 for all civil actions filed on or after March 29, 1996).

Calculations of the cost-of-living adjustment using the CPI show that the average adjusted hourly rate for 2024 is $251.88.   This figure is calculated by taking the "Annual" CPI rate for 2024 and subtracting from it the March 1996 rate (313.689 – 155.7 = 157.989) and then dividing that number by the March 1996 rate (157.989 ÷ 155.7 = 1.015 (rounded up)).   These calculations result in the cost-of-living percentage increase from March 1996 through 2024.   The cost-of-living percentage increase is then applied to the statutory rate of $125.00 to derive the adjusted hourly rate permitted by the EAJA ((1.015 × 125) + 125) = 251.88 (rounded up)).   *See* Department of Labor, Bureau of Labor Statistics, *available at* http://data.bls.gov/cgi-bin/surveymost?bls (check box next to "CPI for All Urban Consumers (CPI-U) 1982-84=100" and click on "Retrieve data" button, then check the box next to "include annual averages" and click on "GO" button) (last visited June 27, 2025).

For the rates sought for work performed in 2025, courts have found it appropriate to use an average of the monthly multipliers for each applicable month given the unavailability of an annualized multiplier.   *See Gates v. Barnhart*, 325 F. Supp. 2d 1342, 1347 (M.D. Fla. 2002) ("[I]n most cases, an annualized multiplier will not be available for

Moreover, because Plaintiff further decreases the amount requested to $8,000.00, the undersigned will recommend that the Court find the amount reasonable and recoverable, particularly in the absence of any objection by the Commissioner. Accordingly, the undersigned recommends the Court find that Plaintiff is entitled to recover a total of $8,000.00 in attorney's fees under the EAJA.

### C. Assignment.

A plaintiff, not counsel, is generally entitled to receipt of an EAJA award. *Astrue v. Ratliff*, 560 U.S. 586, 589 (2010). In the motion, Plaintiff appears to request payment be made directly to counsel, based on an assignment executed by Plaintiff. Doc. No. 23, at 4; Doc. No. 23-2. On review, however, Plaintiff has not demonstrated that the assignment of EAJA fees directly to counsel satisfies the Anti-Assignment Act. *See Crumbley v. Colvin*, No. 5:13-cv-291(MTT), 2014 WL 6388569, at *4-5 (M.D. Ga. Nov. 14, 2014) (discussing requirements of 31 U.S.C. § 3727); *Huntley v. Comm'r of Soc. Sec.*, No. 6:12-cv-613-Orl-37TBS, 2013 WL 5970717, at *5 (M.D. Fla. Nov. 8, 2013) (same). Therefore, the undersigned will recommend that

---

the latest year in which services were performed. In such cases, the Court will average the monthly multipliers for each of the applicable months in the latest year to produce a multiplier for that year."). The average CPI rate for January through May 2025 (the latest figure available) is 319.76, which subtracted from it the March 1996 rate (319.76 – 155.7 = 164.06), and then dividing by the March 1996 rate results in the cost-of-living percentage increase (164.06 ÷ 155.7 = 1.054). The cost-of-living percentage increase then applied to the statutory rate of $125.00 to derive the adjusted hourly rate permitted by the EAJA ((1.054 × 125) + 125) equals $256.75.

the Court not order the government to honor such assignment, although the government may exercise its discretion to do so.

### D. Costs.

Plaintiff requests $405.00 in costs for the filing fee paid, which cost is recoverable. *See Wilson v. O'Malley*, No. 8:23-cv-2440-CPT, 2024 WL 2318581, at *3 (M.D. Fla. May 22, 2024) ("Numerous courts in this District have determined that filing fees are a compensable cost under the EAJA." (collecting cases)). Accordingly, the undersigned recommends the Court find Plaintiff entitled to an award of $405.00 in costs.

## III. RECOMMENDATION.

Based on the foregoing, it is **RESPECTFULLY RECOMMENDED** that the Court **GRANT in part** Plaintiff's Unopposed Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act (Doc. No. 23), **AWARD** Plaintiff a total of $8,000.00 in fees pursuant to the EAJA and $405.00 in costs, and **DENY** the motion in all other respects.

### NOTICE TO PARTIES

A party has fourteen days from the date the Report and Recommendation is served to serve and file written objections to the Report and Recommendation's factual findings and legal conclusions. Failure to serve written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal

conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.

Recommended in Orlando, Florida on June 30, 2025.

*[signature: Leslie Hoffman Price]*

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy